NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **QUALITY LINE EXPRESS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**LITTLE CHUBBY ONE, INC., et al.,**<br><br>Defendants. | Civil Action No. 22-7456 (MAS)<br><br>**MEMORANDUM OPINION & ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

<u>**BONGIOVANNI, Magistrate Judge**</u>

    This matter comes before the Court *sua sponte* based on Defendant Isak B. Stern's ("Mr. Stern") (1) failure to comply with this Court's Text Order of January 8, 2024 (Docket Entry No. 29), which directed Mr. Stern to update his address, if necessary, and provide the Court with a telephone number at which he could be reached, and which set a telephone conference for February 7, 2024; (2) failure to participate in the telephone conference scheduled for February 7, 2024; and (3) failure to comply with this Court's Letter Order to Show Cause of February 9, 2024 (Docket Entry No. 30), which required Mr. Stern to submit a written explanation by March 15, 2024, explaining why he failed to comply with the Court's Text Order of January 8, 2024, and which also required Mr. Stern to appear in-person before the Court on March 25, 2024 to show cause why default should not be entered against him. For the reasons set forth below, the Court finds that the Clerk of the Court shall enter default against Mr. Stern. Further, the Court recommends that Defendant Little Chubby One, Inc.'s ("LCO") Counterclaims be dismissed with prejudice.

I. **Background and Procedural History**

On December 22, 2022, Plaintiff Quality Line Express, LLC ("Quality Line") filed a Complaint against Mr. Stern and LCO (collectively Defendants), asserting claims for copyright infringement against them (Docket Entry No. 1). Defendants initially moved to dismiss Quality Line's Complaint (Docket Entry No. 6), but later withdrew that motion (Docket Entry Nos. 10 and 11) and filed an Answer to Quality Line's Complaint (Docket Entry No. 12). On July 24, 2023, Defendants filed an Amended Answer to Quality Line's Complaint (Docket Entry No. 17). As part of that filing, LCO filed Counterclaims against Quality Line, seeking declarations of invalidity, unenforceability, and/or non-infringement under copyright laws as to the sculptural and photographic works, for product disparagement under New York common law, for tortious interference with business relations under New York common law, for unfair competition under New York common law, for defamation under New York common law, and for false misrepresentation under the DMCA. (*Id*.)

On September 28, 2023, Andrew D. Bochner and Bochner PLLC (collectively, "defense counsel") filed a motion to withdraw as counsel for Defendants. (Docket Entry No. 24). Out of an abundance of caution, despite not having received any opposition to defense counsel's motion to withdraw, the Court entered a Letter Order on November 13, 2023 (Docket Entry No. 25), explicitly providing Defendants with the opportunity to object to defense counsel's withdrawal. In same, the Court cautioned Defendants that, because LCO "is a corporate entity, it cannot represent itself *pro se*[.]" *Id*. at 1. Indeed, the Court specifically warned Defendants that "if defense counsel is permitted to withdraw, Defendant Little Chubby One, Inc., will have to retain new counsel or face default and ultimately default judgment being entered against it." *Id*. at 2. Nevertheless, Defendants did not object to defense counsel's withdrawal. As a result, on December 1, 2023, the

Court entered a Text Order (Docket Entry No. 27), granting defense counsel's motion to withdraw, directing Defendants to retain new counsel by January 5, 2024, and noting that "if new counsel did not enter a timely appearance, Mr. Stern "shall be deemed pro se and default shall be entered against Defendant Little Chubby One, Inc.

New counsel did not make a timely appearance. As a result, on January 8, 2024, the Court entered a Text Order (Docket Entry No. 29), directing the Clerk of the Court to enter default against LCO and deeming Mr. Stern *pro se*. In same, the Court also updated Mr. Stern's address to his last known address, scheduled a telephone conference for February 7, 2024, and directed Mr. Stern to both update his address, if necessary, and provide the Court with a telephone number at which he could be reached. *Id*. Mr. Stern failed to comply with the Court's Text Order of January 8, 2024. He neither provided the Court with a telephone number at which he could be reached, nor did he join the telephone conference conducted on February 7, 2024. Moreover, at no point prior to the conference did Mr. Stern contact either counsel for Quality Line or the Court regarding this matter.

In light of Mr. Stern's failure to comply with the Court's Text Order, on February 9, 2024, the Court entered a Letter Order to Show Cause (Docket Entry No. 30), which required Mr. Stern to submit a written explanation by March 15, 2024, explaining why he failed to comply with the Court's Text Order of January 8, 2024, and which also required Mr. Stern to appear in-person before the Court on March 25, 2024 to show cause why default should not be entered against him. The Court sent the Letter Order to Show Cause to Mr. Stern via both regular and certified mail. The regular mailing was never returned undeliverable and was presumably received by Mr. Stern. Further, the certified mail receipt was returned to the Court, indicating that Mr. Stern received the Court's Letter Order to Show Cause. (*See* Docket Entry No. 31).

Despite having received the Letter Order to Show Cause, Mr. Stern failed to comply with same. Mr. Stern neither submitted the requisite written explanation, nor did he appear, as required, on March 25, 2024. Moreover, at no point prior to or after the show cause hearing set for March 25, 2024 did Mr. Stern contact either the Court or counsel for Quality Line.

II.     **Analysis**

Pursuant to FED.R.CIV.P. ("Rule") 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, Mr. Stern has clearly failed to defend this matter. His failure to defend is evident from his failure to comply with both the Court's Text Order of January 8, 2024 and the Court's Letter Order to Show Cause of February 9, 2024. Given Mr. Stern's failure to defend, **the Clerk of the Court is directed to enter default against Mr. Stern**. Further, since Defendants have now both defaulted, Quality Line has permission to file a motion for default judgment against them. Any such motion shall be filed no later than **May 24, 2024**. If additional time is needed, Quality Line may submit a request for a reasonable extension.

In addition, given LCO's default based on its failure to obtain counsel, the Court recommends that the District Court dismiss LCO's Counterclaims against Quality Line with prejudice. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d, 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of LCO's Counterclaims with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of LCO's Counterclaims with prejudice:

1. **Counterclaim Plaintiff's Personal Responsibility:** Despite being afforded ample opportunity, LCO failed to heed the Court's warnings that it could not appear in this matter unrepresented and retain counsel. Indeed, LCO not only failed to object to defense counsel's motion to withdraw, but also failed to retain new counsel as instructed by the Court. Such responsibility belongs to LCO alone. As such, the Court finds this factor weighs in favor of the dismissal of LCO's Counterclaims with prejudice.

2. **Prejudice to Counterclaim Defendant:** The Court finds that Quality Line has been prejudiced by LCO's failure to retain new counsel and prosecute its Counterclaims. By failing to comply with this Court's Orders, LCO has abandoned its duty to prosecute its Counterclaims and bring its claims against Quality Line to resolution. It is unfair to Quality Line that LCO's Counterclaims have remained stagnant for several months due to LCO's abdication of its duty to retain counsel and prosecute its claims. LCO's

conduct has interfered with Quality Line's ability to fairly defend against LCO's Counterclaims. The Court finds that this prejudice, which was caused by LCO's failure to do that which was required of it, supports the dismissal of its Counterclaims with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** LCO has a history of dilatoriness. Extensive or repeated delay or delinquency constitutes a history of dilatoriness. *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863 (3d Cir. 1994). As outlined above, LCO failed to comply with or respond to several court Orders, including failing to object to defense counsel's motion to withdraw and failing to retain new counsel. As explained multiple times by the Court, LCO cannot appear in court to either defend against Quality Line's claims or to prosecute its Counterclaims against Quality Line except through licensed counsel. The Clerk of the Court has already entered default against LCO based on its failure to retain counsel and LCO has not retained counsel since default was entered. The Court finds that LCO's conduct establishes a history of continued dilatoriness that supports the dismissal of its Counterclaims with prejudice.

4. **Willfulness or Bad Faith:** While the Court does not find that LCO has acted in bad faith, its failure to retain counsel and prosecute its Counterclaims establishes that its conduct has been willful. LCO willfully failed to retain counsel even after being placed on notice that it could not proceed in this matter except through licensed counsel. As a result, this factor further supports the dismissal of LCO's Counterclaims with prejudice.

5. **Effectiveness of Alternative Sanction:** The Court finds that considering LCO's record of unresponsiveness, there is no effective alternative sanction. LCO's

Counterclaims cannot proceed without its participation, and, as explained above, LCO cannot participate in this matter except through licensed counsel. Despite being given several opportunities, LCO has failed to retain counsel. This failure has resulted in default being entered against it. Under these circumstances, the Court finds that no lesser sanction than dismissal of LCO's Counterclaims with prejudice would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the proceedings to date, it is unclear whether LCO's Counterclaims have merit. A claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense. *Poulis*, 747 F.2d at 869-870. As such, this factor is neutral.

When the Court considers all the *Poulis* factors set forth above, the Court finds that, on balance, they support the dismissal of LCO's Counterclaims with prejudice. LCO voluntarily filed its Counterclaims against Quality Line. However, despite having done so, LCO has failed to take the steps necessary to move its claims against Quality Line forward and allow them to come to a resolution. Indeed, despite being given every opportunity to proceed with its Counterclaims, LCO has elected to not retain counsel and prosecute its Counterclaims. As a result, this Court respectfully recommends that LCO's Counterclaims be dismissed with prejudice.

III. **Conclusion**

In light of the foregoing, after considering Rule 55(a) as well as the *Poulis* factors;

IT IS on this 8<u>th</u> day of April 2024,

ORDERED that the Clerk of the Court enter default against Mr. Stern; and it is further

7

ORDERED that Quality Line file its motion for default judgment against Defendants by May 24, 2024; and it is further

RECOMMENDED that LCO's Counterclaims be DISMISSED WITH PREJUDICE; and it is further

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Memorandum Opinion & Order and Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court send Defendants a copy of this Memorandum Opinion & Order and Report and Recommendation by both Regular Mail and Certified Mail, Return Receipt Requested, to the following addresses:

| | |
|---|---|
| Mr. Isak B. Stern | Little Chubby One, Inc. |
| 55 Old Nyack Turnpike, Ste 204 | 55 Old Nyack Turnpike, Ste 204 |
| Nanuet, NY 10954 | Nanuet, NY 10954 |

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**